**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Christina Stephenson, OSB No. 102287**
christina@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN NGUYEN**, <br><br> Plaintiff, <br><br> v. <br><br> **COLUMBIA RIVER PEOPLE'S UTILITY DISTRICT**, an Oregon people's utility district, **JAKE CARTER**, **CRAIG MELTON**, **DEBBIE REED**, **ROB MATHERS**, **HARRY PRICE,** and **PHILIP S. GRIFFIN**. <br><br> Defendants. | Case No. 3:21-CV-00977 <br><br> **COMPLAINT** <br><br> 42 U.S.C. § 1983; ORS 659A.030; ORS 659A.199; ORS 659A.203; ORS 659A.230; Wrongful Discharge; Breach of Contract; Intentional Interference with Economic Relations <br><br> **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.

Plaintiff John Nguyen ("Plaintiff" or "Nguyen") brings this action to hold Defendant Columbia River People's Utility District ("CRPUD") accountable for egregiously breaching its duties to its employees and the public when it wrongfully terminated Nguyen for speaking out about mismanagement and abuse of authority by CRPUD, a public entity. Through this action, Nguyen seeks monetary relief, damages, costs, punitive damages and attorney's fees to redress injuries done to him by Defendants in contravention of his state protected rights under federal law and the Oregon Revised Statutes ("ORS"). Defendants' actions also constitute a common law wrongful discharge in violation of public policy. Plaintiff, by and through undersigned counsel, alleges as follows:

## PARTIES, JURISDICTION & VENUE

2.

Plaintiff is a resident of Clackamas County, Oregon.

3.

Defendant CRPUD is a public-owned utility that provides electric service to customers in Columbia County and a portion of northern Multnomah County, Oregon. CRPUD operates under the authority of the People's Utility District Law (ORS Chapter 261) and the Oregon Constitution, Article XI, Section 12. The remaining Defendants were, at all material times, agents and/or employees of CRPUD.

4.

CRPUD is a "person" for purposes of 42 U.S.C. § 1983 and is a "public employer" for purposes of ORS 659A.203.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

5.

CRPUD is governed by a five-member Board of Directors ("Board") that is elected by the residents in each of the five subdivisions of the territory in which they represent. Under ORS Chapter 261, the Board is authorized to set rates and policy for the District. The Board also appoints a General Manager to be the Chief Administrative Officer of the District who oversees the administrative functions and the day-to-day operations of the organization.

6.

At all material times, Nguyen was supervised by Defendant CRPUD's Board members Jake Carter ("Carter"), Craig Melton ("Melton"), Debbie Reed ("Reed"), Rob Mathers ("Mathers"), and Harry Price ("Price"). Plaintiff relied on the actual or apparent authority of these members, each of whom acted at all times relevant herein in the course and scope of their appointment with, and for the benefit of, Defendant CRPUD.

7.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 42 U.S.C. § 1983. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

8.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## FACTUAL ALLEGATIONS

### 9.

Plaintiff began his employment at CRPUD on or about May 18, 1987. Plaintiff held several management positions and was appointed interim General Manager for CRPUD in 2015 and permanent General Manager in 2017. Plaintiff was widely regarded as an excellent General Manager of CRPUD.

### 10.

In and around July 2019, Plaintiff announced to the CRPUD Board that, due to changes to Oregon's Public Employees Retirement System ("PERS") rules, he felt it necessary to begin receiving his vested PERS benefits. This action did not impact Plaintiff's ability to continue in his General Manager position as PERS allows public employees who begin to utilize benefits to continue public employment for a period of time. In fact, Plaintiff's commencement of PERS benefits allowed CRPUD to continue to employ Plaintiff at a reduced cost as it required CRPUD to contribute less to PERS.

### 11.

Given that CRPUD would continue to benefit from Plaintiff's quality leadership for less cost than before, CRPUD expressed a desire to continue Plaintiff's employment as its General Manager. CRPUD requested that Plaintiff be retained as General Manager to complete specific projects and to help train his eventual successor. Plaintiff, for his part, enjoyed his job, and was excited for the opportunity to continue to serve the ratepayers. Given that Plaintiff had devoted over 32 years to CRPUD, he felt the continued success of CRPUD to be his legacy. As such, he was committed to ensuring a successful transition, including completion of necessary projects and helping to train a new General Manager.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

12.

Given the parties' mutual interest in continuing Plaintiff's employment as General Manager of CRPUD, on August 13, 2019, CRPUD and Plaintiff entered into a General Manager Agreement ("Agreement") for Plaintiff to continue to serve as General Manager despite his commencement of PERS benefits. The contract's duration was from December 1, 2019, through November 30, 2020.

13.

The Agreement contemplated Plaintiff being retained long enough to work with his successor and to work toward completion of specific projects by stating that:

> Mr. Nguyen will continue to perform the duties and obligations of General Manager of CRPUD in order to help during the transition to a new General Manager. Additionally, Mr. Nguyen will continue to manage the following projects toward completion:
> 1.) The NISC Enterprise System conversion;
> 2.) The implementation of Demand Charges;
> 3.) Preparing for the OPUDA annual conference, which CRPUD will be hosting; and
> 4.) Designing and planning for CRPUD's 10th substation and 115kV transmission lines.

14.

By subsequent unanimous resolution, the CRPUD Board approved an amendment of the Agreement, which provided in pertinent part that Plaintiff's salary as General Manager was to be set at $210,000 per year and included "all applicable employee benefits corresponding to the General Manager's time and service as an employee" with CRPUD.

15.

On November 19, 2019, given the interest in retaining Plaintiff, the CRPUD Board unanimously approved an option for either party to renew the contract for an additional one-year

**COMPLAINT**     MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

term by providing written notice to extend at least 120 days prior to the termination of the Agreement.

16.

Around the time of his Agreement with CRPUD, Plaintiff learned from Board members Melton and Mathers that Board member Carter had a "secret" plan to improperly use his influence on the CRPUD Board to have himself voted in as the next General Manager. Carter had asked Melton and Mathers to keep Carter's intentions a secret while he remained involved in the hiring process. Plaintiff believed that Carter's candidacy for the General Manager position, while serving on the Board, was a conflict of interest in violation of CRPUD rules and regulation, and potentially Oregon law. Plaintiff subsequently reported the violation to Melton, Mathers, and CRPUD General Counsel, Philip Griffin ("Griffin").

17.

After Carter learned of Plaintiff's complaint against him, Carter's whole demeanor towards Plaintiff changed. For example, Carter was previously generous with his praise of Plaintiff's achievements; however, after the complaint, Carter marginalized the importance of Plaintiff's role within the organization and scrutinized Plaintiff's work undeservedly. Whereas Carter previously socialized on a regular basis with Plaintiff, after the complaint, Carter stopped socializing with Plaintiff.

18.

In February 2020, Plaintiff then announced to the Board his decision to change the titles of various employee "supervisors" to "managers," to be consistent with their current management functions and duties. Plaintiff informed the Board that there would be no impacts to the budget as a result of the title change. Despite knowing well in advance of this change, Carter and Melton

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

criticized Plaintiff for not involving the Board in the decision-making process. Both Carter and Melton insisted that Plaintiff explain his "preference" for the title change. Carter reprimanded Plaintiff, stating that he was "deeply concerned" and "alarmed" at Plaintiff's handling of the personnel decision. Board member Reed also criticized Plaintiff for not involving the Board.

19.

Plaintiff was shocked by Carter, Melton, and Reed's admonishment over the title changes. Plaintiff became deeply concerned that they were acting beyond the Board's statutory authority by involving themselves into personnel decisions. These were clearly day-to-day operations of CRPUD, and responsibilities set aside for the General Manager, as defined by ORS Chapter 261 and CRPUD's Board Governance Policy. Plaintiff advised the Board that they could be in violation of Oregon statutes as well as CRPUD rules and regulations.

20.

Plaintiff reported his concerns over the Board's violations of the ORS and CRPUD rules and regulations to the General Counsel, Griffin. Plaintiff fully expected Griffin to advise the Board on their scope of responsibilities and was appalled when Griffin defended the Board members' conduct instead. Griffin had contradicted the advice he provided to Plaintiff and to Board members on similar matters in 2015. Plaintiff asked Griffin to explain his new position; however, Griffin ignored Plaintiff's request and advised Plaintiff that he should seek his own personal counsel if he had claims against Carter and Melton.

21.

On or about March 16, 2020, Plaintiff, through his attorney, sent CRPUD's General Counsel Griffin a letter notifying CRPUD of Plaintiff's concerns of illegal retaliation for whistleblowing:

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

State law prohibits employers from discriminating or retaliating against an employee who engages in protected activities such as reporting or resisting what he believes in good faith to be a violation of state or federal laws, rules, or regulations. ***As you know, Mr. Nguyen has engaged in such protected activities in the past year and is concerned that certain members of the CRPUD Board of Directors have retaliated and intend to further retaliate against him as a result.***

Plaintiff's letter also served to notify CRPUD that Plaintiff was now represented by counsel related to his employment at CRPUD and advised CRPUD to preserve all evidence that may relate to Plaintiff's claims of retaliation against CRPUD.

22.

After learning of Plaintiff's reports of retaliation, Board members discussed Plaintiff in private and were furious that Plaintiff had sought personal legal counsel and had made a retaliation complaint against them. At the March 19, 2020, CRPUD Board meeting, Carter publicly reprimanded Plaintiff for his complaint of retaliation. At the meeting, Carter attempted to recharacterize his interference into Plaintiff's day-to-day management of the utility as merely an attempt to seek "clarification" from Plaintiff. Carter stated that he was "extremely disturbed and disappointed" by Plaintiff's response, referring to Plaintiff as "damned thin skinned."

23.

Melton, who was Board President at the time, ceased personal communications with Plaintiff and eventually stopped responding to Plaintiff's inquiries about one-on-one meetings. Then, with the aid of Griffin, Board members Carter and Melton, again acting outside of their scope of responsibilities, worked to expedite the recruitment process to find an immediate replacement for Plaintiff.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

24.

On or about April 6, 2020, Plaintiff, through his legal counsel, offered a detailed account of Plaintiff's whistleblower activity that was protected under Oregon law, including ORS 659A.199 and 659A.203, Plaintiff's recent complaint against Carter regarding his conflict of interest, and the subsequent complaint against the CRPUD Board for exceeding its authority in attempting to interfere with the day-to-day operations of the utility. Additionally, Plaintiff reported further retaliation in response to his lawyer's March 16, 2020 letter. Specifically, Plaintiff's lawyer reported the incident that occurred at the March 19, 2020, CRPUD Board meeting where Carter publicly reprimanded Plaintiff for his complaint of retaliation. Plaintiff's attorney reported to CRPUD's counsel that these comments were shocking to Plaintiff and made him fear that his employment would be cut short in retaliation for his protected whistleblowing.

25.

On or around May 18, 2020, the General Manager position was posted with an extremely short two-week application deadline. Upon information and belief, Melton and Carter directed the posting of the position without having the customary Human Resources packet prepared and approved by the CRPUD Board. Further, upon information and belief, Melton and Carter made decisions about the posting outside of their scope of responsibilities, including setting the salary range.

26.

On several occasions, Plaintiff expressed concerns to Board member Mathers about the sudden rush to find a new General Manager and his fear that it was in retaliation for filing a complaint and having retained his own attorney. Mathers confirmed that Melton had accelerated

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

the recruitment process only after the Board received Plaintiff's attorney letter. He also suggested to Plaintiff that he should drop his lawsuit so that things might "go back to normal."

27.

In a letter dated May 27, 2020, CRPUD's contracted employment counsel, Dee Rubanoff ("Rubanoff"), responded to Plaintiff's allegations by denying any retaliation. However, in response to Plaintiff's allegations that CRPUD was intending to retaliate against his whistleblowing activity by cutting Plaintiff's employment contract short, CRPUD's lawyer did not deny such an effort was taking place. Instead, Rubanoff attempted to justify how CRPUD would be allowed to do so legally. Rubanoff claimed incorrectly that, "[T]here was never any indication after the agreement was signed that the Board intended to extend [Nguyen's] contract past November 2020." This statement is refuted by the November 19, 2019, unanimous vote by the Board to amend the Agreement to provide Plaintiff the option to renew his contract at the end of November 2020. As such, Rubanoff's opinions were based on an inaccurate version of the facts. As the letter by Rubanoff appeared to be the sum total of CRPUD's effort to "investigate" Plaintiff's claims of retaliation, CRPUD had failed to conduct an adequate independent investigation, contrary to standard past practices at CRPUD.

28.

On July 7, 2020, Plaintiff executed his option to request the one-year extension in his Agreement. Instead of providing a fair and good faith opportunity for Plaintiff to receive the extension, the Board voted, on July 28, 2020, to deny Plaintiff's extension request and to cancel Plaintiff's contract altogether. Without explanation, Plaintiff's employment with CRPUD was wrongfully terminated August 31, 2020, three months prior to the one-year expiration date of his contract.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

29.

Despite Plaintiff's previous excellent performance record, Defendants terminated his employment in retaliation for participating in protected activities. Defendants were upset that Plaintiff had made efforts to protect the integrity of CRPUD operations by reporting conflicts of interest, mismanagement of public funds, unlawful activity, and self-dealing. Defendants became publicly and privately hostile towards Plaintiff for engaging in protected activities, for making complaints of retaliation, and for retaining counsel to protect Plaintiff's civil and contractual rights.

30.

While CRPUD's own Agreement with Plaintiff had contemplated Plaintiff serving two more years to complete various projects and to train his eventual successor, Plaintiff's whistleblowing prompted the Board to dramatically change course and to terminate Plaintiff prior to his completing those projects or the training of his successor.

31.

Based on the Agreement, including the subsequent amendments, as well as previous comments and assurances made to Plaintiff by the Board, CRPUD created the expectation that Plaintiff would be employed at CRPUD through November 30, 2020, and that Plaintiff would likely receive an extension for a second term. For example, around the time of the Agreement, Board members Mathers and Price had advocated for Plaintiff to stay on as General Manager for two years. Melton also repeatedly assured Plaintiff that it would be a lengthy process to find a replacement for Plaintiff and indicated it would take at least a year to a year and a half. It was reasonable for Plaintiff to rely upon these assurances to focus on his continued employment as the General Manager for CRPUD instead of looking for and obtaining a comparable opportunity elsewhere.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

32.

The Board's conduct and unlawful action to abruptly terminate Plaintiff's employment not only caused Plaintiff to lose income, but to also suffer emotional distress, humiliation, and damage to his reputation in the community.

33.

As described above, Defendants acted with malice, showed a reckless and outrageous indifference to a highly unreasonable risk of harm, and acted with a conscious indifference to the health, safety, and welfare of others.

## CLAIMS FOR RELIEF

### First Claim for Relief
**42 U.S.C. § 1983**
**Deprivation of Constitutional Rights Under Color of Law**
**(Against Defendants CRPUD, and Carter, Melton, Reed, Mathers, Price, and Griffin in both their individual and official capacities)**

34.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

35.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The rights protected by this provision include those of equal protection and due process under the Fourteenth Amendment to the U.S. Constitution and freedom of speech under the First Amendment to the U.S. Constitution. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985) (discussing due process right regarding public employment as protected by 42 U.S.C. § 1983); *Eng v. Cooley,* 552

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

F.3d 1062, 1070-71 (9th Cir. 2009) (discussing First Amendment rights as protected by 42 U.S.C. § 1983).

36.

Plaintiff had a reasonable expectation in continued employment at CRPUD at least until November 2020, when his contract was to expire, if not longer given the provision that it could be renewed. Plaintiff's contract for employment thus provided him with a property interest in continued employment protected by the Due Process Clause of the Fourteenth Amendment.

37.

Plaintiff's reports regarding the unethical behavior of Board members in attempting to install Plaintiff's replacement were protected by the Free Speech Clause of the First Amendment because they were made on matters of public concern. His retention of an attorney, and communication through his attorney to protect his employment rights, were also protected by the First Amendment. *See Eng*, 552 F.3d at 1069 ("A client's free speech interest in an attorney's speech on the client's behalf therefore necessarily follows from the client's First Amendment right to retain counsel.").

38.

As a result of a violation of 42 U.S.C. § 1983, a plaintiff is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, *see*, *e.g.*, *Vanelli v. Reynolds School Dist.*, 667 F2d 773, 778 n.8, 781 (9th Cir. 1982); (2) punitive damages, *Smith v. Wade*, 461 U.S. 30, 35 (1983); and (3) costs and attorney fees, 42 U.S.C. § 1988.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

39.

The decisions of Carter, Melton, Reed, Mathers, and Price, "may fairly be said to represent official policy" of the City. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

40.

CRPUD, and Carter, Melton, Reed, Mathers, and Price, intentionally, or with reckless indifference, deprived Plaintiff of his rights to due process, free expression, and protection from unlawful retaliation when they subjected him to adverse terms and conditions of employment, including termination.

41.

Plaintiff is entitled to compensation, including economic and noneconomic damages, punitive damages, equitable relief, reimbursed expenses, fees, and costs against Defendants.

## Second Claim for Relief
### ORS 659A.030(1)(f)
### Retaliation for Opposing Unlawful Employment Practices
### (Against All Defendants)

42.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

43.

Defendants' behavior as alleged in this complaint violated ORS 659A.030(1)(f) because Defendants treated Plaintiff adversely with respect to compensation and other terms of employment by terminating Plaintiff, and Plaintiff's perceived protected activities under ORS 659A.199, 659A.203, and 659A.230 were a substantial factor in CRPUD's adverse treatment.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

44.

In perpetrating the behavior described in this Complaint, CRPUD violated ORS 659A.030(1)(f) by subjecting Plaintiff to discrimination on the basis of Plaintiff's perceived and actual opposition to unlawful practices, causing harm to Plaintiff.

45.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**<u>Third Claim for Relief</u>**
**ORS 659A.199**
**Whistleblower Retaliation**
**(Against Defendant CRPUD)**

46.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

47.

Defendant CRPUD's behavior as alleged in this complaint violated ORS 659A.199 because Defendant CRPUD treated Plaintiff adversely with respect to compensation and other terms of employment by terminating Plaintiff because of Plaintiff's perceived and actual good faith reports and opposition to evidence Plaintiff believed was a violation of state or federal law, rule or regulation.

48.

Plaintiff's reports were a substantial factor in Defendant CRPUD's adverse treatment, including the termination.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

49.

In perpetrating the behavior described in this Complaint, Defendant CRPUD violated ORS

659A.199 by subjecting Plaintiff to discrimination and retaliation on the basis of Plaintiff's

perceived and actual opposition to unlawful practices, causing harm to Plaintiff as described above.

50.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**Fourth Claim for Relief**
**ORS 659A.203**
**Public Employee Whistleblower Retaliation**
**(Against Defendant CRPUD)**

51.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the

paragraphs above.

52.

ORS 659A.203(1) provides that it is an unlawful employment practice for a public

employer to:

> (b) Prohibit any employee from disclosing, or take or threaten to take
> disciplinary action against an employee for the disclosure of any information that
> the employee reasonably believes is evidence of:
> (A) A violation of any federal or state law, rule or regulation by the state,
> agency or political subdivision; [or]
> (B) Mismanagement, gross waste of funds or abuse of authority or
> substantial and specific danger to public health and safety resulting from action of
> the state, agency or political subdivision[.] . . .
> (d) Discourage, restrain, dissuade, coerce, prevent or otherwise interfere
> with disclosure or discussions described in this section.

53.

Plaintiff's complaint(s) that he was being subjected to unlawful discrimination were made

in good faith, and he reasonably believed such acts were in violation of state and federal law. His

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

complaints that members of the Board were violating rules and regulations, and were engaged in self-dealing, were protected by ORS 659A.203.

54.

CRPUD violated ORS 659A.203 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including termination, on the basis of Plaintiff's perceived and actual opposition to unlawful practices, causing harm to Plaintiff as described above.

55.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**Fifth Claim for Relief**
**ORS 659A.230**
**Discrimination for Initiating Civil Proceedings**
**(Against Defendant CRPUD)**

56.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

57.

Defendant CRPUD's behavior as alleged in this complaint violated ORS 659A.230 because Defendant CRPUD treated Plaintiff adversely with respect to compensation and other terms of employment by terminating Plaintiff because he retained counsel to protect his civil and contractual rights as a necessary part of initiating a civil proceeding against Defendants.

58.

Plaintiff's retaining of counsel was a substantial factor in Defendant CRPUD's adverse treatment, including the termination.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

59.

In perpetrating the behavior described in this Complaint, Defendant CRPUD violated ORS 659A.230 by subjecting Plaintiff to discrimination and retaliation on the basis of Plaintiff's action to retain counsel for civil and contractual representation.

60.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**Sixth Claim for Relief**
**ORS 659A.030(1)(g)**
**Aiding and Abetting Unlawful Employment Actions**
**(Against All Defendants)**

61.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

62.

ORS 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

63.

Defendants violated ORS 659A.030(1)(g) by, without limitation, aiding and abetting one another in the unlawful employment practices under Chapter 659A described in the prior claims for relief, including subjecting Plaintiff to adverse actions on the basis of his whistleblowing. Griffin, acting in his capacity as General Counsel for CRPUD, aided and abetted in the unlawful employment actions against Plaintiff by disregarding long-standing CRPUD practices and protocols and enabling the discriminatory acts perpetrated by the CRPUD Board.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

64.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**Seventh Claim for Relief**
**Wrongful Discharge in Violation of Public Policy**
**(Against Defendant CRPUD)**

65.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

66.

At all material times, the public policy of Oregon prohibits an employer from retaliating and discriminating against an employee in the terms and conditions of employment for opposing unlawful conduct and pursuing Plaintiff's right to report information in good faith of a violation of a state or federal law, rule, or regulation. The public policy of Oregon prohibits an employer from retaliating and discriminating against an employee in the terms and conditions of Plaintiff's employment because the employer believed the employee would engage in reporting violations of law, in order to prevent an employee from engaging in such protected activity. This public policy is found in the common law, statutes, and regulations of the State of Oregon and the United States.

67.

Defendant CRPUD, through its agents and/or employees, violated the above public policies by discriminating and retaliating against Plaintiff for reporting information in good faith of a violation of a state or federal law, rule, or regulation, and/or to prevent Plaintiff from reporting additional unlawful conduct. The discharge was unlawful and in violation of the public policy of the State of Oregon.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

68.

Defendant CRPUD's discharge of Plaintiff and failure to rehire Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which rights are of important public interest.

69.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

## Eighth Claim for Relief
### Breach of Contract / Covenant of Good Faith and Fair Dealing
### (Against Defendant CRPUD)

70.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

71.

Every contract formed under Oregon law "contains an implied duty of good faith." *Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 643 (1995).

72.

Defendant CRPUD violated its contractual obligations, including its obligation of good faith and fair dealing, when it subjected Plaintiff to adverse action, including terminating his employment contract early, in retaliation for Plaintiff's protecting and pursuing his own legal rights and interests. Furthermore, Defendant CRPUD violated its obligation of good faith and fair dealing when it expedited the recruitment process to find an immediate replacement for Plaintiff, in retaliation for Plaintiff's protecting and pursuing his own legal rights and interest, with the intended consequence of eliminating any possibility that Plaintiff might have had to receive the benefits of the one-year extension in his contract.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

73.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**<u>Ninth Claim for Relief</u>**
**Intentional Interference with Economic Relations**
**(Against Defendants Carter, Melton, Reed, Mathers, Price, and Griffin)**

74.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

75.

Oregon law prohibits a third party from intentionally interfering with the economic relations or contracts of other parties through improper means or for an improper purpose. *Allen v. Hall*, 328 Or. 276, 281 (1999).

76.

Defendants Carter, Melton, Reed, Mathers, and Price intentionally interfered with Plaintiff's economic relationship with CRPUD for the improper reasons stated above—to retaliate against Plaintiff for his reports of unlawful activity and abuse of authority and to prevent further such reports.

77.

Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above.

**JURY TRIAL DEMAND**

78.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## PRAYER FOR RELIEF

79.

WHEREFORE, Plaintiff prays for judgment against Defendants for economic damages, non-economic damages, punitive damages, costs, and attorneys' fees under state and federal law (including ORS 659A.885, ORS 20.107, and 42 U.S.C. § 1988) as alleged in the claims stated above. Plaintiff also prays for injunctive relief prohibiting Defendants from engaging in further employment discrimination against Plaintiff and other employees who are complaining of good faith beliefs of violations of law. Plaintiff further prays for such other relief as the court deems just and equitable.

DATED:      June 30, 2021                Respectfully Submitted:

                                          MEYER STEPHENSON

                                          *s/ Robert K. Meyer*
                                          Robert K. Meyer, OSB No. 086470
                                          robert@oregonworkplacelaw.com
                                          Christina Stephenson, OSB No. 102287
                                          christina@oregonworkplacelaw.com
                                          Michael Owens, OSB No. 104720
                                          mike@oregonworkplacelaw.com
                                          1 SW Columbia St Ste 1850
                                          Portland, OR 97204
                                          (503) 459-4010

                                          *Attorneys for Plaintiff*

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022