IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN NGUYEN**, <br><br>  Plaintiff, <br><br> v. <br><br> **COLUMBIA RIVER PEOPLE'S UTILITY DISTRICT,** an Oregon people's utility district**, JAKE CARTER, CRAIG MELTON, DEBBIE REED, ROB MATHERS, HARRY PRICE,** and **PHILIP S. GRIFFIN**, <br><br> Defendants. | Case No. 3:21-cv-00977-IM <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**IMMERGUT, District Judge.**

Before this Court is Defendants' Motion for Summary Judgment, ("Defs.' Mot."), ECF 35, as to Claims One, Two, Three, Four, Six, and Nine of Plaintiff's Complaint. *See* Complaint, ("Compl."), ECF 1. Plaintiff John Nguyen has brought this action against his former employer the Columbia River People's Utility District ("CRPUD"); Board members of the CRPUD: Jake Carter, Craig Melton, Debbie Reed, Rob Mathers, and Harry Price; and the CRPUD General

PAGE 1 – ORDER

Counsel Philip Griffin. *Id.* In Claim One, Plaintiff alleges deprivation of his First Amendment rights under color of law, pursuant to 42 U.S.C. § 1983, against Defendants CRPUD and Carter, Melton, Reed, Mathers, Price, and Griffin in both their individual and official capacities. *Id.* ¶¶ 34–41. In Claim Two, Plaintiff alleges retaliation for opposing unlawful employment practices under O.R.S. 659A.030(1)(f) against all Defendants. *Id.* ¶¶ 42–45. In Claim Three, Plaintiff alleges whistleblower retaliation under O.R.S. 659A.199 against Defendant CRPUD. *Id.* ¶¶ 46–50. In Claim Four, Plaintiff alleges public employee whistleblower retaliation under O.R.S. 659A.203 against Defendant CRPUD. *Id.* ¶¶ 51–55. In Claim Six, Plaintiff alleges aiding and abetting unlawful employment actions under O.R.S. 659A.030(1)(g) against all Defendants. *Id.* ¶¶ 61–64. In Claim Nine, Plaintiff alleges intentional interference with economic relations under Oregon common law against defendants Carter, Melton, Reed, Mathers, Price, and Griffin. *Id.* ¶¶ 74–77. In his briefing, Plaintiff concedes Claims Six and Nine. Plaintiff's Response to Defendants' Motion for Summary Judgment ("Pl.'s Resp."), ECF 42.

This Court held oral argument on September 15, 2023 on Defendants' Motion for Summary Judgment. ECF 64. As stated on the record and for the reasons below, this Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment, ECF 35.

## LEGAL STANDARD

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

PAGE 2 – ORDER

Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Id.* at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

The evidence presented by the parties must be admissible. *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1065 (C.D. Cal. 2002) (citation omitted); *see* Fed. R. Civ. P. 56(c)(2). Further, the non-moving party may not rest on conclusory or speculative evidence but must "set forth specific facts in support of [its] . . . theory." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (citation omitted).

## ANALYSIS

**1. Deprivation of First Amendment Right to Free Speech - 42 U.S.C. § 1983 (Claim One)**

Defendants argue that Claim One should be dismissed because Plaintiff was not speaking on matters of public concern; Plaintiff did not speak as a private citizen; Plaintiff's termination was not caused by his allegedly protected communications; and Defendants had an adequate justification for replacing Plaintiff when they did. Defs.' Mot., ECF 35 at 20–21. Defendants also argue that Plaintiff cannot establish pretext for their justification to terminate Plaintiff. *Id.* at 18–19.

Defendants argue in the alternative that Defendant Griffin should be dismissed because he was not a member of the CRPUD Board and could not carry out an adverse employment action against Plaintiff. *Id.* at 21.

Plaintiff argues that he spoke on matters of public concern; he spoke as a private citizen; and his allegedly protected activities caused Defendants to take adverse employment actions against him. Pl.'s Resp., ECF 42 at 19–20, 29–34.

Section 1983 prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. Under Section 1983, parties may bring lawsuits against State entities for violating the right to Free Speech under the First Amendment. *See Eng v. Cooley*, 552 F.3d 1062, 1070–71 (9th Cir. 2009).

To establish a First Amendment claim against a public employer, plaintiff bears the burden of showing (1) the plaintiff made statements on matters of public concern; (2) plaintiff made them in his capacity as a private citizen and not a public employee; and (3) the statements were a substantial or motivating factor in the adverse employment action. *Id.* If the plaintiff has satisfied those three elements, the burden then shifts to the defendant to show that: (1) the employer had an adequate justification for treating the employee differently from other members of the general public and (2) the employer would have taken the adverse employment action even absent the protected speech. *Id.*

As stated on the record, this Court finds that Defendant Griffin, who was employed as the CRPUD General Counsel and not as a Board member, could not have carried out an adverse employment action against Plaintiff. Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Defendant Griffin as to Claim One.

As to the remaining defendants, disputes of material fact exist as to whether Plaintiff's allegedly protected statements involve matters of public concern; whether Plaintiff was speaking as a private employee; whether Plaintiff's allegedly protected statements were substantial or motivating factors in Defendants' decision to terminate Plaintiff; whether Defendants possessed adequate justification to terminate Plaintiff before the end of his employment contract; and whether Defendants would have terminated Plaintiff when it did whether or not Plaintiff made the allegedly protected statements. Because disputes of material fact exist, Defendants' Motion for Summary Judgment as to Claim One for the remaining defendants is DENIED.

### 2. Retaliation for Opposing Unlawful Employment Practices - O.R.S. 659A.030(1)(f) (Claim Two)

Defendants argue that Plaintiff has not satisfied the statutory requirements of O.R.S. 659A.030(1)(f) because he did not oppose an unlawful practice under O.R.S. Chapter 659A. Defs.' Mot., ECF 35 at 22. Defendants also argue that this claim should otherwise be dismissed because Courts within the District of Oregon have declined to apply O.R.S. 659A.030(1)(f) to situations when the plaintiff is retaliated against for his whistleblower status. *Id.*

Plaintiff argues that this Court should distinguish the District of Oregon opinions finding that O.R.S. 659A.030(1)(f) does not protect against whistleblower retaliation. Pl.'s Resp., ECF 42 at 24–25.

Section 659A.030(1)(f) makes it unlawful "[f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so." O.R.S. 659A.030(1)(f). The statute requires that the "unlawful practice" must be unlawful under O.R.S. Chapter 659A. *See* O.R.S. 659A.001(14).

PAGE 5 – ORDER

To establish a prima facie case of retaliation, Plaintiff must show that: (1) he engaged in a protected activity; (2) Defendants subjected him to an adverse employment action; and (3) "a causal link exists between the protected activity and the adverse action." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003) (citation and footnotes omitted).

As stated on the record, this Court finds that Plaintiff has failed to present evidence that he opposed a practice deemed unlawful under O.R.S. Chapter 659A, or otherwise establish a prima facie case of retaliation under O.R.S. 659A.030(1)(f). Thus, this Court GRANTS Defendants' Motion for Summary Judgment as to Claim Two.

### 3. Whistleblower Retaliation - O.R.S. 659A.199 (Claim Three)

Defendants argue that Claim Three should be dismissed because Plaintiff has failed to show he reported information that was evidence of a violation of law. Defs.' Mot., ECF 35 at 23. Defendants also state that an O.R.S. 659A.199 claim cannot be based on an allegation that an employer was upset at an employee for retaining counsel, nor can it be based on recommendations and advice given by an employee in the regular course of his duties. Defendants' Reply ("Defs.' Reply"), ECF 48 at 11–12.

Plaintiff argues that he has satisfied the statutory requirements of O.R.S. 659A.199 by reporting information that he believed, in good faith, to be evidence of a violation of a state law, rule, or regulation. Pl.'s Resp., ECF 42 at 26–27.

O.R.S. 659A.199(1) makes it unlawful "for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

To establish a prima facie case of retaliation, Plaintiff must show that: (1) he engaged in a protected activity; (2) Defendants subjected him to an adverse employment action; and (3) "a causal link exists between the protected activity and the adverse action." *Manatt*, 339 F.3d at 800 (citation and footnotes omitted).

For Claim Three, this Court finds that disputes of material fact exist as to whether Plaintiff made his allegedly protected statements with a good-faith belief that the complaints involved evidence relating to unlawful activity and whether Plaintiff's allegedly protected statements were substantial or motivating factors in Defendants' decision to terminate Plaintiff. Accordingly, this Court DENIES Defendants' Motion for Summary Judgment as to Claim Three.

### 4. Public Employee Whistleblower Retaliation - O.R.S. 659A.203

Defendants argue that Plaintiff did not make a "disclosure" as required by O.R.S. 659A.203. Defs' Mot., ECF 35 at 23; Defs.' Reply, ECF 48 at 16–17.

Plaintiff argues that a disclosure under O.R.S. 659A.203 need not involve a violation of law and instead that a report of wrongdoing to supervisors or HR can qualify as a protected disclosure. Pl.'s Resp., ECF 42 at 26.

Section 659A.203 makes it unlawful for a public employer to:

> (b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:
>
> > (A) A violation of any federal, state or local law, rule or regulation by the public or nonprofit employer; [or]
> >
> > (B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public or nonprofit employer . . . .

O.R.S. 659A.203(b)(A)–(B).

PAGE 7 – ORDER

Other decisions issued by the U.S. District Court for the District of Oregon have examined the meaning of "disclosure" within the statute, finding that it must reveal previously unknown conduct to be a protected activity. *See, e.g.*, *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1093 (D. Or. 2015) (citation omitted). In *Lindsey*, the court held that "it is insufficient to merely identify or label conduct which is known to have occurred as either unlawful or improper." *Id.* (citation omitted); *see also Clarke v. Multnomah County*, 303 F. App'x 512, 513 (9th Cir. 2008) (stating that the disclosure-of-information-requirement under O.R.S. 659A.203 requires more than just reporting publicly available information) (citing *Black's Law Dictionary* 497 (8th ed. 2004) ("The act or process of making known *something that was previously unknown;* a revelation of facts." (emphasis added)); 4 *Oxford English Dictionary* 737 (2d ed. 1989) ("To open up to the knowledge of others; to make openly known, reveal"); *Webster's Ninth New Collegiate Dictionary* 360 (1984) ("[T]o expose to view . . . to make known or public.")).

This Court finds that Plaintiff's allegedly protected statements do not involve disclosing previously unknown conduct as required by O.R.S. 659A.203(b)(A)-(B). For this reason, Defendants' Motion for Summary Judgment as to Claim Four is GRANTED.

## CONCLUSION

This Court GRANTS Defendants' motion as to Claim One with respect to Defendant Griffin and DENIES Defendants' motion with respect to the remaining defendants. This Court also GRANTS Defendants' motion as to Claims Two and Four and DENIES Defendants' motion as to Claim Three.

**IT IS SO ORDERED.**

DATED this 10th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 9 – ORDER